OPINION. Rice, Judge: In order to qualify for relief under the provisions of section 722 (c), a taxpayer must establish the existence of one or more of the qualifying conditions enumerated in that section and, in addition, must show that its excess profits tax is excessive and discriminatory because of the existence of one or more such conditions. As we observed in Danco Co., 14 T. C. 276, 282 (1950): The existence of one of the qualifying conditions specified in the statute is not sufficient to establish a taxpayer’s right to relief under section 722 (c), for the reason that the condition may not result in the invested capital method being an inadequate standard for the determination of the excess profits credit or because it may be more than outweighed by other unusual war conditions operating to the taxpayer’s advantage during the taxable years. Therefore, the taxpayer must demonstrate the inadequacy of its excess profits credit based on invested capital by showing that the inadequacy results from one of the above factors and by establishing within the framework of section 722 (a) * * * a fair and just amount representing normal earnings to be used as a constructive average base period net income. * * * For our purposes here in deciding whether the respondent was justified in denying petitioner’s claims for relief, we assume that petitioner has established the existence of at least one of the qualifying conditions. The necessary causal relationship between such condition and excessive and discriminatory excess profits taxes, however, has not been shown. To the contrary, this record discloses that petitioner’s very existence and success was brought about primarily because of the wartime need for the guard service which it rendered. Petitioner has failed to show that it would have made a profit or even remained in business during the base period years. Hence, it failed to establish a fair and just amount representing normal earnings for use as a constructive average base period net income. Jackson-Raymond Co., 23 T. C. 826 (1955); Harry Lang Manufacturing Co., 19 T. C. 567 (1952); and Fezandie & Sperrle, Inc., 5 T. C. 1185 (1945). We think it highly implausible, on the facts of the record here, to assume that petitioner could have successfully begun business during the base period and developed a sufficient demand for its services to realize earnings of $17,000 per year, which amount it seeks to establish as its reconstructed base period earnings. Once it was decided to incorporate petitioner, its first enumerated purpose for being was to furnish guards for plants engaged in production essential to the public welfare, particularly those plants engaged in production of items integral or important to the national defense program. Prior to the war years, many of petitioner’s best customers had utilized their own employees for guard purposes; and, for all that this record shows, would have continued to do so, absent the defense program with its attendant manpower shortages and need for expanded guard service. Moreover, during the first 15 months of its existence, petitioner showed a net operating loss rather than any net income. Not until after the United States actually entered the war did it realize net income from its operations. Petitioner has failed to show any facts which could be used to establish a fair and normal profit during the base period years to form a framework for reconstruction of a base period net income under section 722 (a). See Crowncraft, Inc., 16 T. C. 690 (1951). [Reviewed by the Special Division. Decision will he entered for the responden‡.